JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAKIM MUHAMMAD; JOSHUA MILLER; BRANDON BIRKS; and STACY RICHARDSON,

    Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, a governmental entity; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; and, DOES 1 through 25, inclusive,

    Defendants.

No. C 06 4480

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES**

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district. Venue is conferred upon this Court by Title 28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES     1

United States Code Section 1391(b).

## PARTIES

2. Plaintiffs are, and at all times herein mentioned were, citizens of the United States residing in the Counties of Alameda and Solano, California.

3. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter referred to as "CITY") is a governmental entity, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, HEATHER FONG, was the Chief of Police for the CITY. Defendant, HEATHER FONG, is sued herein in her capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendants DOES 1 through 25, inclusive, were employed by defendant CITY as police officers. Defendant police officers are sued herein individually, and in their capacity as police officers for defendant CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY.

5. DOES 1 through 10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful and excessive use of force against plaintiffs, and the wrongful and false detention and arrest of plaintiffs, as described hereinafter.

6. DOES 11 through 25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant police officers employed by the CITY in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed

and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth herein. Plaintiffs will amend their Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

9. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

## STATEMENT OF FACTS

10. On 7-24-05, at approximately 12:30 a.m., plaintiffs left the Snow Drift nightclub, located at 1830 3rd Street, S.F., CA 94158. As they walked towards STACY RICHARDSON's car, parked near 3rd and Mariposa intersection, a defendant S.F. police officer approached JOSHUA MILLER, who was walking about 30 yards behind the other plaintiffs. Defendant officer said to JOSHUA MILLER, "Hurry up and go!" JOSHUA MILLER said, "My ride is right over there". Another defendant officer came up behind JOSHUA MILLER and said, "Turn around."
As JOSHUA MILLER turned around with his hands up, three defendant officers rushed in and tackled him, without any just provocation or cause. Then, defendant officers beat JOSHUA MILLER with their batons while another defendant officer punched JOSHUA MILLER in his nose. Plaintiff's nose and back were injured.

11. HAKIM MUHAMMAD, who was almost at STACY RICHARDSON's car, turned around and saw defendant officers attack JOSHUA MILLER while his hands were up in the air. HAKIM MUHAMMAD ran back and asked defendant officers what was going on, and pleaded with them to stop beating JOSHUA MILLER. One of defendant officers told him to get back in his car, and as HAKIM MUHAMMAD began walking back towards STACY RICHARDSON's

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

car another defendant officer shouted, "Get him!" Then, other defendant officers, who had just arrived at the scene, tackled HAKIM MUHAMMAD, beat him with their batons, and put him in handcuffs. During this beating, one defendant officer punched HAKIM MUHAMMAD twice in his face, and another defendant officer hit him in his face with his baton. Plaintiff's face, neck, lower leg, left shoulder, body, right hip, and lower back were injured due defendant officers' assault and battery on him.

12. As BRANDON BIRKS was entering STACY RICHARDSON's car he saw HAKIM MUHAMMAD being attacked by the police. He yelled out the window asking why defendant officers were beating up his friends. One of defendant officers came around to the passenger side of the car where BRANDON BIRKS was sitting, opened that door, and dragged him out of the car by his hair. Then said defendant officer hit BRANDON BIRKS in his lower back and legs with his baton, and pinned him against the car by twisting his arm behind his back and pulling his hair. BRANDON BIRKS continued to ask why the officers were beating his friends, and defendant officer replied, "They're a bunch of fucking animals." Plaintiff's back and body were injured.

13. STACY RICHARDSON, the driver, witnessed all of his friends being assaulted and battered by defendant officers. Defendant officers made him get out of his car, handcuffed him, and put him in a police car. The officers conducted record checks on plaintiffs. After close to an hour had passed, plaintiffs were released, without being given citations or any apology.

14. Plaintiffs had not done anything to provoke this assault upon them, and did nothing to physically resist these officers during their assault on them. Further, plaintiffs were unarmed.

15. The above-described assault and battery, and false detention of plaintiffs by defendant San Francisco police officers was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiffs.

16. Defendants CITY, Chief of Police, HEATHER FONG, and DOES 11-25, supervisory employees of the CITY Police Department have failed to adequately train defendant police officers DOES 1-10 in the proper use of force; making proper arrests; and treating persons in a manner that is not racially discriminatory. The lack of an adequate supervisorial response and

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                            4

discipline by defendants CITY, Chief of Police, HEATHER FONG, and DOES 11-25, supervisory employees of the City Police Department, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy that tolerates and promotes the continuing use of excessive force against and violation of civil rights of persons within the CITY by San Francisco police officers.

17. Based on information and belief, plaintiffs allege that prior to the date of the subject incident involving plaintiffs, defendant San Francisco police officers DOES 1-10, inclusive, had a history of engaging in acts of excessive force; false arrests; and treating persons in a manner that is racially discriminatory; of which history defendants CITY, HEATHER FONG; and DOES 11-25, inclusive, knew or should have known for quite some time prior to the subject incident involving plaintiffs. Based on information and belief, plaintiffs further allege that despite their knowledge of said defendant police officers DOES 1-10's repeated, egregious misconduct, defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, failed to properly and adequately train, supervise, and discipline said defendant police officers DOES 1-10, inclusive, for said repeated and egregious misconduct.

18. The above-described assault and battery, and false detention and imprisonment of plaintiffs by defendant police officers DOES 1-10, inclusive, was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiffs.

19. Defendant CITY, by and through its supervisory employees and agents, HEATHER FONG, Chief of Police for the CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, HEATHER FONG, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injuries to plaintiffs. CITY, HEATHER FONG, and DOES 11-25, inclusive, breached their duty of care to citizens and plaintiffs in that they failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant officers DOES 1-10, in the proper use of force; effecting proper arrests; and treating citizens in a manner that is not racially discriminatory; and/or failed to have

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

adequate policies and procedures regarding the proper use of force; effecting proper arrests; and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force; effecting of wrongful false arrests; and treating citizens in a racially discriminatory manner by police officers employed by defendant CITY.

## DAMAGES

20. As a proximate result of defendants' conduct, plaintiffs suffered pain and physical injuries. As a further proximate result of defendants' conduct, plaintiffs suffered severe and extreme emotional distress.

21. Plaintiffs were assaulted and battered, and falsely detained without any just provocation or probable cause, by named defendant officers. Plaintiffs were mentally/ emotionally injured and damaged as a proximate result of this incident.

22. As a further proximate result of defendants' conduct, plaintiffs incurred medical expenses and loss of wages.

23. The conduct of named defendant police officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said named defendant police officer employees of the CITY.

24. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendant police officers)

25. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 24 of this Complaint.

26. In doing the acts complained of herein, defendant police officers DOES 1-10, inclusive, acted under color of law to deprive plaintiffs of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth amendments to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendants CITY, HEATHER FONG, and DOES 11-25, inclusive)

27. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 26 of this Complaint.

28. Defendant CITY, by and through its supervisory employees and agents, HEATHER FONG, Chief of Police for the CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, HEATHER FONG, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiffs. CITY, HEATHER FONG, and DOES 11-25, inclusive, breached their duty of care to plaintiffs in that they failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant officers DOES 1-10, inclusive, in the proper use of force; effecting proper arrests; and treating citizens in a manner that is not racially discriminatory; and/or failed to have adequate policies and procedures regarding the proper use of force; effecting proper arrests; and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting,

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES            7

tolerating, and/or ratifying the continuing use of excessive force; wrongful false arrests; and treating citizens in a racially discriminatory manner by police officers employed by defendant CITY.

29. Based on information and belief, plaintiffs allege that prior to the date of the subject incident on 7-24-05, defendant San Francisco police officers DOES 1-10, inclusive, had a history of engaging in acts of excessive force, effecting false arrests, and treating citizens in a racially discriminatory manner, of which defendants CITY, HEATHER FONG and DOES 11-25, inclusive, knew or should have known for quite some time prior to the subject incident involving plaintiffs. Based on information and belief, plaintiffs further alleges that despite their knowledge of said defendant police officers DOES 1-10's repeated and egregious misconduct, defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, failed to properly and adequately train, supervise, and discipline said defendant police officers DOES 1-10, inclusive, for said repeated and egregious misconduct.

30. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, to violation of the constitutional rights of citizens by named defendant police officers herein. Plaintiffs' injuries were a foreseeable and proximate result of the deliberate indifference of the CITY, HEATHER FONG, and DOES 11-25, inclusive, to the pattern, practices, customs, and policies described above.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Assault and Battery)
### (Against defendant police officers)

31. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

32. Named defendant police officers and defendants DOES 1-10, inclusive, placed plaintiffs in immediate fear of death and severe bodily harm by assaulting and battering them without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                                                  8

statute or common law.

33. As a proximate result of said defendants' conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (False Arrest and Imprisonment)
### (Against defendant police officers)

34. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 33 of this Complaint.

35. Defendant police officers falsely detained and imprisoned plaintiffs without just provocation or probable cause. Plaintiffs had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that plaintiffs had committed a crime.

36. Defendant officers failed to observe proper or reasonable procedures in falsely detaining and imprisoning plaintiffs, without probable cause.

37. As a proximate result of said defendants' conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against defendant police officers)

38. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 37 of this Complaint.

39. The conduct of defendant officers DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs.

40. As a proximate result of defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, plaintiffs are entitled to

an award of punitive damages against said defendants. Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against defendant police officers)

41. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 40 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

42. The wrongful conduct of defendants DOES 1-10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of plaintiffs.

43. As a proximate result of defendants' negligent conduct, plaintiffs have suffered severe emotional and mental distress, having a traumatic effect on plaintiffs' emotional tranquility.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Against defendant police officers)

44. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 43 of this Complaint.

45. The conduct of defendant officers DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant CITY violated California Civil Code Section 52.1, in that they interfered with plaintiffs' exercise and enjoyment of their civil rights, as enumerated in paragraph 26 herein, through the wrongful assault and battery on, and false detentiont and imprisonment of plaintiffs. Further, said defendant officers violated plaintiffs' right to be from racial discrimination in that their misconduct towards plaintiffs was motivated by racial animus.

46. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiffs suffered violation of his constitutional rights, and suffered damages as set forth herein.

47. Since said conduct of said defendants occurred in the course and scope of their

employment, defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

48. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Negligence)
### (Against defendant police officers)

49. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

50. At all times herein mentioned, defendant police officers DOES 1-10, inclusive, were subject to a duty of care to avoid causing injuries and damages to citizens through their use of force, and effecting detentions and arrests. The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons or reasonable police officers acting in similar circumstances, proximately causing plaintiffs to suffer injuries and damages as set forth herein. Defendant CITY is vicariously liable to plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of defendant officers DOES 1-10, inclusive.

51. As a proximate result of said defendants' negligent conduct, plaintiffs suffered severe emotional and mental distress and injury having a traumatic effect on plaintiffs' emotional tranquility, and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against defendants CITY, HEATHER FONG, and DOES 11-25, inclusive)

52. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 51 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

53. Defendant CITY, by and through its supervisory employees and agents, HEATHER FONG, Chief of Police for the CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens. With gross negligence, CITY, HEATHER FONG, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injuries to plaintiffS. CITY, HEATHER FONG, and DOES 11-25, inclusive, breached their duty of care to plaintiffs in that they failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant officers DOES 1-10, inclusive, in the proper use of force; effecting proper arrests; and treating citizens in a manner that is not racially discriminatory; and/or failed to have adequate policies and procedures regarding the proper use of force; effecting proper arrests; and treating citizens in a manner that is not racially discriminatory.

54. Based on information and belief, plaintiffs allege that prior to the date of the subject incident on 7-24-05, defendant police officers DOES 1-10, inclusive, had a history of engaging in acts of excessive force, effecting false arrests, and treating citizens in a racially discriminatory manner, of which defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, knew or should have known for quite some time prior to the subject incident involving plaintiff. Based on information and belief, plaintiffs further alleges that despite their knowledge of defendant police officers DOES 1-10's repeated and egregious misconduct, defendants CITY, HEATHER FONG, and DOES 11-25, inclusive, negligently failed to properly and adequately train, supervise, and discipline said defendant police officers DOES 1-10, inclusive, for said repeated and egregious misconduct.

55. The acts of defendant police officers DOES 1-10, inclusive, alleged herein, are a direct and proximate result of the abovementioned negligent conduct of defendants CITY, HEATHER FONG, and DOES 11-25, inclusive. Plaintiffs' injuries were a foreseeable and proximate result of the abovementioned negligent conduct of CITY, HEATHER FONG, and DOES 11-25, inclusive.

56. As a proximate result of defendants CITY, HEATHER FONG, and DOES 11-25 inclusive's negligent conduct, plaintiffs suffered severe emotional and mental distress and injury having a traumatic effect on plaintiffs' emotional tranquility, and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

12

## JURY DEMAND

57. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in the sum of $ 500,000.00;

2. For special damages according to proof;

3. For punitive damages against defendant police officers according to proof;

4. For injunctive relief enjoining defendant CITY from authorizing, allowing, or ratifying the practice by any employee of defendant CITY from effecting unreasonable and improper arrests and imprisonments of citizens; from using unreasonable and excessive force against citizens; and from treating citizens in a manner that is racially discriminatory, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code 52 and 52.1, statutory damages, and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 7-13-06        By: *Gayla B. Libet*
GAYLA B. LIBET, Esq.
Attorneys for Plaintiffs