IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAKIM MUHAMMAD, et al.,

    Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

No. C 06-04480 JSW

**ORDER DENYING MOTION TO BIFURCATE AND TO STAY DISCOVERY**

    This matter comes before the Court upon consideration of Defendants' motion to bifurcate trial and to stay discovery on Plaintiffs' claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for May 25, 2007 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies Defendants' motion.

**BACKGROUND**

    This is a civil rights action pursuant to 42 U.S.C. § 1983 against nine individual officers and the City and County of San Francisco (the "City") and Chief of Police, Heather Fong, in her official capacity ("Chief Fong"). Plaintiffs are suing the individual officers for excessive force, false arrest, and are asserting related state-law claims against them. Plaintiffs are suing the City

1 and Chief Fong under *Monell*, alleging negligent hiring, retention, training, supervision, and
2 discipline.

## ANALYSIS

The question of whether to bifurcate a trial is a matter committed to this Court's discretion. *See, e.g., Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

As is set forth in the rule, when exercising its discretion a court may consider such factors as convenience, the need to avoid prejudice and confusion, and judicial economy. *Id.*; *see also Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

According to Defendants, Plaintiffs' claims against the individual officers are straightforward, while the claims against the City and Chief Fong are more complicated and require significantly more discovery. Defendants argue that adjudication of the *Monell* claims would be unnecessary if a jury finds that the officers did not violate Plaintiffs' constitutional rights. Defendants further contend that the individual officers may be unfairly prejudiced if the claims against them are tried simultaneously with the claims against the City and Chief Fong, because evidence irrelevant to the claims against them, such as evidence of unrelated instances of false arrest and excessive force, would be admitted at trial for the *Monell* claims.

At this point in the litigation, it is not yet clear whether Plaintiffs will be successful on any of their claims. The Court finds that it would be most efficient to move forward on all of Plaintiffs' claims simultaneously. Therefore, at this time, the Court does not believe that judicial economy would be served by hearing the claims against the individual officers and the claims against the City and Chief Fong seriatum, rather than concurrently. Further, the Court is not persuaded at this time that bifurcation is required to avoid prejudice to the individual officers. Accordingly, the Court DENIES Defendants' motion for bifurcation. This ruling is

1 without prejudice to Defendants renewing their motion to bifurcate trial after the summary
2 judgment stage. By that time it will be clear whether Plaintiffs' claims against the individual
3 officers and their claims against the City and Chief Fong will be tried, and the parties should
4 have more information regarding the evidence that supports their respective cases.

5      Because the Court finds that bifurcation is unwarranted, the Court also finds that staying
6 discovery on Plaintiffs' claims against the City and Chief Fong is unnecessary, and therefore
7 DENIES Defendants' motion to stay discovery as well.

8      **IT IS SO ORDERED.**

10 Dated: May 23, 2007

                                                                JEFFREY S. WHITE
                                                                UNITED STATES DISTRICT JUDGE