1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4283
6  Facsimile:    (415) 554-3837

7

   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG,
   JESSE FARRELL, DAVID RODRIGUEZ, ERICK ANDERSON, DAVID
9  BATCHELDER, AJAY SINGH, PATRICK MCCORMICK, STEPHEN
   COLEMAN, AND ANTHONY MONTOYA

10

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13

14  | HAKIM MUHAMMAD; JOSHUA MILLER; BRANDON BIRKS; AND STACY RICHARDSON, | Case No. C06-4480 JSW (JL) |
    |---|---|
15  |  | **AMENDED** STIPULATION AND [PROPOSED] **CONFIDENTIALITY** |
    | Plaintiffs, | **PROTECTIVE ORDER** |
16  |  |  |
    | vs. |  |
17  |  |  |
    | CITY AND COUNTY OF SAN |  |
18  | FRANCISCO, a governmental entity; |  |
    | HEATHER FONG, in her capacity as |  |
19  | Chief of Police for the CITY AND |  |
    | COUNTY OF SAN FRANCISCO; |  |
20  | SHERMAN LEE, JESSE FARRELL, |  |
    | DAVID RODRIGUEZ, ERICK |  |
21  | ANDERSON, DAVID BATCHELDER, |  |
    | AJAY SINGH, PATRICK |  |
22  | MCCORMICK, STEPHEN COLEMAN, |  |
    | and ANTHONY MONTOYA, |  |
23  | individually, and in their capacity as |  |
    | police officers for CITY AND COUNTY |  |
24  | OF SAN FRANCISCO; and, DOES 10 |  |
    | through 25, inclusive, |  |
25  |  |  |
    | Defendants. |  |
26

27

28

1    Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and

2  agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the

3  terms of this PROTECTIVE ORDER.

4    GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the

5  entry of an order as follows:

6    1.    CONFIDENTIAL INFORMATION, within the meaning of this

7       PROTECTIVE ORDER, shall include all documents containing peace officer

8       personnel records, official information and any other such documents that

9       defendants in good faith have determined to be confidential.  Defendants shall

10       attempt to stamp "Confidential" on all such documents prior to production.  In

11       the event that any CONFIDENTIAL INFORMATION is inadvertently not

12       stamped as "Confidential" by defendants, the party who notices this oversight

13       shall immediately make it known to the other parties and the documents shall

14       immediately be stamped as "Confidential" and treated as such, as per this

15       order.

16    2.    Plaintiff may challenge defendants' designation of a particular document as

17       CONFIDENTIAL INFORMATION by filing an appropriate motion, under

18       seal, with the Court.  The parties agree that the prevailing party in a motion to

19       remove the confidential designation shall waive any entitlement to monetary

20       sanctions, including attorney's fees.

21    3.    Unless disclosure is ordered by the Court, attorneys for defendants shall have

22       the sole authority to determine that documents subject to the PROTECTIVE

23       ORDER are no longer considered CONFIDENTIAL INFORMATION and will

24       advise counsel for plaintiff in writing if this determination is made.

25    4.    Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL

26       INFORMATION only to the following categories of person and no other

27       unless authorized by order of the Court:

28       a.    Plaintiff's Counsel;

PROTECTIVE ORDER                                              n:\lit\li2007\070184\00421643.doc
*Muhammad, et al. v. CCSF, et al.*, Case No. C06-4480                2

1      b.      Experts, investigators or consultants retained by Plaintiff's Counsel to assist in

2   the evaluation, preparation, or trial of this case; however, before any expert, investigator, or

3   consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree

4   to comply with the terms of this PROTECTIVE ORDER by executing the document attached as

5   Exhibit A.  Plaintiff's counsel shall file and serve that document upon its execution; however,

6   Plaintiff's counsel shall not be required to file any Agreement to Comply any earlier than the date that

7   Expert Disclosures are required to be made.  Experts, investigators, and consultants shall not have

8   any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

9      5.      Counsel for Plaintiff may <u>not</u> provide originals or copies of the

10           CONFIDENTIAL INFORMATION to any plaintiff absent the written

11           agreement of counsel for the City or a court order, subject to the following:

12               a.      For purposes of evaluating the settlement value or potential jury

13           verdict, counsel for Plaintiff may discuss the general nature of the

14           CONFIDENTIAL INFORMATION with plaintiffs without disclosing any

15           identifying details about a specific incident or any documents.  Plaintiffs'

16           counsel may also review with a plaintiff any statement or interview given by

17           that plaintiff.

18      6.      Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL

19           INFORMATION or comment on the substance of any CONFIDENTIAL

20           INFORMATION in any papers or pleadings filed with the Court, shall be filed

21           under seal pursuant to the Court's rules and procedures (see Northern District

22           of California Civil Local Rule 79-5).   The sealed envelopes shall be endorsed

23           with the caption of this litigation, and an indication of the nature of the

24           contents of the envelopes and a statement substantially in the following form:

25   "This envelope contains documents that are filed in this case pursuant to a
    Protective Order and are not to be opened nor the contents thereof to be
26   displayed or revealed except by further order of the Court or written consent of
    the City and County of San Francisco."

27

28

PROTECTIVE ORDER                                        n:\lit\li2007\070184\00421643.doc
*Muhammad, et al. v. CCSF, et al.*, Case No. C06-4480                3

7.     In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with counsel for defendants to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court.  Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER.  The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

8.     Any inadvertent disclosure made in violation of this PROTECTIVE ORDER shall be immediately corrected by the offending party and does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

9.     All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, *etc.*) will be returned to the San Francisco City Attorney's Office at the termination of this litigation.  On final disposition of this case, plaintiff's counsel shall within 30 days after the final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in this matter.  The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

PROTECTIVE ORDER
*Muhammad, et al. v. CCSF, et al.*, Case No. C06-4480

4

n:\lit\li2007\070184\00421643.doc

1    10.    Should plaintiff(s) fail to comply with this PROTECTIVE ORDER, plaintiff(s)

2    and plaintiffs' counsel shall be liable for all costs associated with enforcing this

3    agreement, including but not limited to all attorney fees in amounts to be

4    determined by the Court.  Plaintiff and plaintiff's counsel may also be subject

5    to additional sanctions or remedial measures, such as contempt, evidentiary or

6    terminating sanctions.

7    IT IS SO STIPULATED.

8

9    Dated:  _June 22, 2007_____          DENNIS J. HERRERA
                                                City Attorney
10                                              JOANNE HOEPER
                                                Chief Trial Attorney
11                                              SCOTT D. WIENER
                                                Deputy City Attorney
12

13                                                   /s/   Scott D. Wiener
                                            By:_____
14                                              SCOTT D. WIENER
                                                Attorneys for Defendants CITY AND COUNTY OF
15                                              SAN FRANCISCO, CHIEF HEATHER FONG, JESSE
                                                FARRELL, DAVID RODRIGUEZ, ERICK
16                                              ANDERSON, DAVID BATCHELDER, AJAY SINGH,
                                                PATRICK MCCORMICK, STEPHEN COLEMAN,
17                                              AND ANTHONY MONTOYA

18

19   Dated:  _June 13, 2007_____               /s/    Gayla Libet
                                            By:_____
20                                              GAYLA LIBET
                                                Attorneys for Plaintiffs
21

22   Dated:  _June 21, 2007_____               /s/    John Burris
                                            By:_____
23                                              JOHN BURRIS
                                                Attorneys for Plaintiffs
24

25   Dated:  _June 22, 2007_____               /s/    Robert Sanford
                                            By:_____
26                                              ROBERT SANFORD
                                                Attorneys for Defendant Sherman Lee
27

28

PROTECTIVE ORDER                                   5                    n:\lit\li2007\070184\00421643.doc
*Muhammad, et al. v. CCSF, et al.*, Case No. C06-4480

1

**ORDER**

2

BASED ON THE ABOVE STIPULATION, IT IS SO ORDERED

3

4

5

Dated:   June 25, 2007



THE HONO
UNITED ST

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER                                            6                              n:\lit\li2007\070184\00421643.doc
*Muhammad, et al. v. CCSF, et al.*, Case No. C06-4480

**<u>EXHIBIT A</u>**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR
CONFIDENTIAL INFORMATION**

I, _____, have read and understand the Court's Protective Order for

CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In addition, I

specifically understand and agree to the following:

1.  I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2.  I understand that I have no power to authorize any other person to review the

CONFIDENTIAL INFORMATION.

3.  I agree not to make copies of the CONFIDENTIAL INFORMATION.

4.  I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that

produced it, at or before the conclusion of this litigation.

5.  I understand that if I violate any of the terms of the Protective Order, then Plaintiffs,

Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.


AGREED:

_____                    _____
DATE                                              SIGNATURE


                                                   _____
                                                   PRINT NAME

PROTECTIVE ORDER                                        n:\lit\li2007\070184\00421643.doc
*Muhammad, et al. v. CCSF, et al.*, Case No. C06-4480                8